UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JENNY HARPER, as the widow and next of kin of JAMES H. HARPER, LEONARD D. HUTCHISON, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | No. 3:97-cv-80 *Edgar* |
| ARTHUR BOHANAN, JIM MORRIS, PATRICK WADE, REX OWENBY, JOE MANN, CLYDE MERRYMAN, TOM STILES, JAMES DAVID COMER ERNEST PEEL, and CITY OF KNOXVILLE | ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

**MEMORANDUM**

Plaintiffs Jenny Harper, as the widow and next of kin of James H. Harper, and Leonard D. Hutchison bring this civil rights action against state and federal law enforcement officials, Arthur Bohanan, Jim Morris, Patrick Wade, Rex Ownby,[1] Joe Mann, Clyde Merryman, Ernest Peel, Tom Stiles, the City of Knoxville, and one private citizen, James David Comer.[2] Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 ("Section 1983") for violation of their constitutional due process rights under the Fourteenth Amendment to the U.S. Constitution against City of Knoxville Police Department ("KPD") Officers Patrick Wade, Arthur Bohanan, Jimmie Morris, and Ernest Peel in their individual and in their official capacities, and the City of Knoxville.

---

[1] It appears from the record that the correct spelling of Special Agent Owenby's name is "Ownby." Although the caption in this case refers to Defendant Ownby as "Owenby," this Court will use the correct spelling of Special Agent Ownby's name.

[2] These defendants are those listed in the second amended complaint. The Court has dismissed Defendants Tom Stiles and Rex Ownby. [Court Doc. Nos. 122, 123]. This Court has also dismissed three other Defendants, William Crabtree, David Jennings, and J. Mikel Dixon, from this action. [Court Doc. Nos. 93, 114].

Plaintiffs further assert a Section 1983 claim against Mr. Comer, an alleged police informant. Plaintiffs also bring claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, against Federal Bureau of Investigation ("FBI") Agents Clyde Merryman, and Joe Mann for violation of their due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. 403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999 (1971).

Defendant Clyde Merryman moves to dismiss Plaintiffs' claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [Court Doc. No. 128]. Plaintiffs oppose the motion. [Court Doc. No. 130]. After reviewing the record in the light most favorable to the Plaintiffs, the Court concludes that it will **GRANT** Defendant Merryman's motion to dismiss.

**I. Background**

This Court and several state courts have described the facts of this complicated case in great detail. *See Harper v. Bohanan*, 2006 WL 319029 (E.D. Tenn. 2006); *Harper v. Bohanan*, 2006 WL 1462574 (E.D. Tenn. 2006); *Hutchison v. State*, 1997 WL 789923 (Tenn. Crim. App. 1997); *State v. Harper*, 753 S.W.2d 360 (Tenn. Crim. App. 1987); *State v. Hutchison*, 1990 WL 170437 (Tenn. Crim. App. 1991); *Hutchison v. State*, 118 S.W.3d 720 (Tenn. Crim. App. 2003); [Court Doc. Nos. 31-2, 118-2]. Because the facts have been summarized in various other legal opinions, this Court will only summarize the salient facts pertaining to Defendant Merryman for purposes of reviewing the merits of his motion.

In 1985 a jury convicted Mr. Hutchison and Mr. Harper of theft of a vehicle and attempted homicide of James David Comer that occurred on September 1, 1982. [Court Doc. No. 116, Second Amended Complaint]. Mr. Hutchison served around fourteen years in the

Tennessee State Regional Correction Facility Bledsoe State Penitentiary for possession of burglary tools, burglary of an automobile, and felonious assault with intent to commit second degree murder. *Id.* at ¶ 13. Mr. Harper served fourteen months in the Knox County jail and the Knox County Penal Farm for burglary of an automobile and felonious assault with intent to commit second degree murder. *Id.* at ¶ 14.

Plaintiffs' second amended complaint alleges that they were wrongfully convicted due to the suppression of exculpatory evidence collected by KPD officers, prosecutors, and FBI agents. Such evidence includes an alleged exculpatory witness statement that contradicted the victim's statement, an exculpatory FBI laboratory report indicating that tools seized from Hutchison's apartment did not match the marks made on the vehicle that perpetrators attempted to steal, and an exculpatory confession to the crime made by another individual unassociated with the Plaintiffs. The second amended complaint also alleges that KPD officers tampered with the photographic line-up by which the victim, James David Comer, identified the Plaintiffs. Plaintiffs further assert that defendant Comer and KPD officers conspired falsely to identify Hutchison so that Comer, an alleged confidential informant, could receive more lenient treatment in the KPD's investigation into his own criminal activity. *See* Second Amended Complaint, ¶¶ 16-21, 23, 25, 27, 29.

Plaintiffs filed their original complaint on January 14, 1997 naming Clyde Merryman as a Defendant. This Court issued an order on March 5, 1997 staying the proceedings in this action until the completion of Plaintiffs' post-conviction appeals through the state court system. [Court Doc. No. 6]. This Court lifted the stay on March 16, 2005. [Court Doc. No. 33]. Plaintiffs filed their amended complaint on June 13, 2005. [Court Doc. No. 36]. Plaintiffs filed a second

amended complaint on April 21, 2006. [Court Doc. No. 116, Second Amended Complaint]. The second amended complaint also names Agent Merryman as a defendant. *Id.* The record demonstrates that the Plaintiffs served Agent Merryman on July 18, 2006. [Court Doc. No. 127].

The second amended complaint alleges that Defendant Merryman was an FBI agent who received relevant exculpatory evidence regarding the crimes with which Hutchison and Harper were eventually charged. Second Amended Complaint, ¶ 5. The second amended complaint further alleges that FBI Agents Merryman and Mann obtained information that someone other than Hutchison or Harper had confessed to shooting Mr. Comer. *Id.* at ¶ 18. Agents Merryman and Mann did not write a report regarding the information they learned. *Id.* at ¶ 19. Because these agents were operating "deep undercover" in investigating an automobile "chop-shop ring," they allegedly contacted Special Agent Ownby to provide him with the information regarding the confession. *Id.* Agents Merryman and Mann allegedly expected that Special Agent Ownby would provide the information about the confession to the KPD because of his contacts there. *Id.* However, Ownby allegedly failed to do so, and the Plaintiffs admit in the second amended complaint that Tennessee state courts have held that the Attorney General's office was unaware of the information learned by Agents Merryman and Mann until after the Plaintiffs had been convicted. *Id.* The second amended complaint states that Agents Ownby, Merryman, and Mann:

> deprived Hutchison and Harper of their due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution when they acted willfully or in gross disregard and with deliberate indifference to the unconstitutional incarceration of Hutchison and Harper, including but not limited to their decision not to prepare written reports of the exculpatory information obtained from Paul Allen and Tommy McClanahan, contrary to FBI policy, and their decision not to report this exculpatory information to the [KPD].

-4-

Second Amended Complaint, ¶ 64.

**II.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)). The Sixth Circuit has explained that a court must " 'take the plaintiff's factual allegations as true and if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief, then . . . dismissal is proper.' " *Weiner*, 108 F.3d at 88 (quoting *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996)); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

**III.  Analysis**

**A.  *Bivens* Actions**

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the U.S. Supreme Court held that a plaintiff could bring a cause of action against a federal agent "acting

under color of his authority" for damages due to the agent's unconstitutional actions. 403 U.S. 388, 389, 91 S.Ct. 1999, 2001 (1971). To establish a *Bivens* claim, a "plaintiff must allege facts which show that the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 Fed.Appx. 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C.Cir. 2002); *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997)). The Sixth Circuit has held that the analysis of Section 1983 violations is "equally apposite to direct constitutional actions sanctioned by the Supreme Court's reasoning in" *Bivens*. *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982); *see also, Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

### B.     Clyde Merryman's Motion to Dismiss

Whether a plaintiff brings a claim pursuant to Section 1983 or under *Bivens*, the plaintiff "must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of . . . law." *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004) (quoting *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000)).

Agent Merryman argues, as Agent Ownby previously argued, that the doctrine of qualified immunity applies and shields him from liability for any alleged constitutional violations in this case. The Supreme Court has held that "a claimant seeking relief under *Bivens* must overcome the federal official's qualified immunity." *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol Tobacco and Firearms*, 452 F.3d 433, 438 (6th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). The doctrine of qualified immunity "shields 'government officials performing discretionary functions . . . from civil damages liability as long as their actions could reasonably have been thought consistent with the

rights they are alleged to have violated.'" *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The U.S. Supreme Court has established a two-part test for determining whether a law enforcement officer is entitled to qualified immunity. *See Lyons v. City of Xenia*, 417 F.3d 565 (6th Cir. 2005) (citing *Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004)). Under this test district courts must:

> consider whether 'the facts alleged show the officer's conduct violated a constitutional right.' . . . If the plaintiff can establish that a constitutional violation occurred, a court should ask 'whether the right was clearly established . . . in light of the specific context of the case, not as a broad general proposition.'

*Lyons*, 417 F.3d at 571 (quoting *Saucier*, 533 U.S. at 201). A right may be defined as clearly established by looking to Supreme Court precedent, then to Sixth Circuit precedent, then to other courts within the Sixth Circuit, and finally to decisions of other circuits. *See Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000)).

In addition, "[q]ualified immunity affords government officials an immunity from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Burden v. Carroll*, 108 Fed.Appx. 291, 293 (6th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). This analysis should consider the legal rules that are clearly established at the time the defendants took the alleged actions. *See Rodgers v. Jabe*, 43 F.3d 1082, 1085 (6th Cir. 1995) (relying on *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987)).

When a defendant moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), the court "may dismiss [plaintiffs'] complaint only if it is clear that no violation of a clearly established

constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings." *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005).

The threshold issue to analyze is whether the defendant violated a constitutional right. *Centanni v. Eight Unknown Officers*, 15 F.3d 587, 589 (6th Cir. 1994). Plaintiffs argue that Agent Merryman violated Hutchison's and Harper's constitutional rights under *Brady v. Maryland*. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *Brady* the Supreme Court determined that a prosecutor's suppression of evidence favorable to a criminal defendant after the defendant requested it violated the Due Process Clause of the Fourteenth Amendment where the evidence was material to either guilt or to punishment of the criminal defendant. *Id.* at 87, 83 S.Ct. at 1196-97. The duty under *Brady* "extends to information in the possession of the law enforcement agency investigating the offense." *Jamison v. Collins*, 291 F.3d 380, 385 (6th Cir. 2002) (citing *Kyles v. Whitley*, 514 U.S. 419, 437-38, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)). This includes "exculpatory information in the possession of any agency that participated in the investigation of the crime charged." *Ruiz v. U.S.*, 221 F.Supp.2d 66, 73 (D. Mass. 2002) (citing *Kyles v. Whitley*, 514 U.S. 419, 438, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)). The *Brady* rule "does not, however, impose upon the government a duty to discover and produce exculpatory information in the possession of agencies not involved in the investigation." *Ruiz*, 221 F.Supp.2d at 74 (citing *United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999); (*United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975)).

Other district courts have made the same determination. For example, one district court acknowledged, "[t]he Second Circuit (and other courts) also have not required federal prosecutors to learn about evidence possessed by state governments or other federal agencies

-8-

that are not involved in the investigation of the particular defendants." *Chandras v. McGinnis*, 2002 WL 31946711 *7-8 (E.D.N.Y. 2002) . In *U.S. v. Locascio*, the Second Circuit determined that the prosecution did not have a *Brady* obligation to disclose reports in the possession of the FBI pertaining to an unrelated crime that provided information relating to the credibility of a prosecution witness. 6 F.3d 924, 948-49 (2d Cir. 1993).

Plaintiffs point out that the Tennessee Court of Criminal Appeals found that the information Agent Merryman obtained was both "exculpatory and material." While that is true, the Tennessee appellate court also noted that "we cannot agree that, on these facts, the prosecutor had a duty to disclose information in the possession and control of the F.B.I. agents." *Hutchison*, 1997 WL 789923 at *7. The court also held that:

> Despite the fact that two F.B.I. agents possessed information that may have changed the outcome of the trial, we must conclude that the state did not violate the rule of *Brady v. Maryland* in this case. To hold otherwise would require the state to make endless inquiries from every agency, state or federal, that might conceivably have information relating to local criminal investigations.

*Id.* at *8.

In this action the second amended complaint acknowledges that the KPD was the law enforcement agency investigating the offense. The second amended complaint asserts that FBI agents only discovered exculpatory evidence pertaining to the Plaintiffs because they were investigating a "chop-shop ring" unrelated to the Comer shooting investigation. [Court Doc. No. 116, ¶ 18]. Although the second amended complaint alleges that the KPD sent some tools obtained from Hutchison's home to an FBI laboratory for testing, it does not allege that the FBI was involved in any other way in the investigation of the Comer shooting. *Id.* at ¶ 25.

The only role the second amended complaint alleges that Agent Merryman played is that

-9-

he failed to notify the KPD of evidence he received from two individuals regarding another individual's admission to the crime for which Plaintiffs were being investigated. Agent Merryman allegedly received the information about the other suspect while operating "deep undercover" in investigating a "chop-shop ring" unrelated to the Comer shooting. [Court Doc. No. 116, ¶ 18].

Plaintiffs assert that Agent Merryman was closer to the alleged unconstitutional activity than Agent Ownby because he was the agent who directly received the exculpatory information. However, Plaintiffs still cite to no legal authority demonstrating that it was clearly established prior to 1986 that a law enforcement officer not associated with the agency conducting a criminal investigation violates the U.S. Constitution by failing to disclose to the agency conducting the investigation exculpatory information that he learned while investigating another crime. Nor do they cite any legal precedent suggesting that a reasonable law enforcement officer should have known of his obligation to disclose such evidence to a separate law enforcement agency investigating a crime unrelated to any investigation by his agency.

Plaintiffs suggest that Agent Merryman knew of his alleged duty to disclose the information to the KPD because he attempted to have Agent Ownby relay the information to the KPD. Although Agent Merryman may have felt some moral compulsion to provide the information to the KPD, any perceived moral duty on his part does not equate to a clearly established obligation arising under the U.S. Constitution.

As this Court noted in its prior opinion, as recently as 2002, other district courts determined that the scope of the duty to search for information at law enforcement agencies not associated with the investigation was uncertain. *See Chandras*, 2002 WL 31946711 at \*8; *see*

-10-

Case 3:97-cv-00080   Document 134   Filed 08/25/06   Page 10 of 11   PageID #: 65

*also, U.S. v. Bin Laden*, 397 F.Supp.2d 465, 480-484 (S.D.N.Y. 2005) (recent case discussing the current uncertainty in the law surrounding how to determine what level of association between an unaffiliated agency and a prosecuting agency is necessary to make the unaffiliated agency part of the prosecution team sufficient to impose a *Brady* obligation to disclose exculpatory information). Plaintiffs have failed to cite any cases demonstrating that law enforcement agents working at agencies separate from the agency conducting a criminal investigation have a constitutional duty to provide the investigating agency with exculpatory information that the unaffiliated agency learns while investigating unrelated crimes.

Further, the law-of-the case doctrine requires that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). This Court's prior ruling regarding Agent Ownby's motion to dismiss constitutes such a decision upon a rule of law. For these reasons, Plaintiffs' assertion that their second amended complaint states a claim that Agent Merryman violated a clearly established constitutional right must fail.

**IV.    Conclusion**

After reviewing the record and the applicable law, the Court concludes that Defendant Merryman's motion to dismiss will be **GRANTED**.

A separate judgment will enter.

                          /s/ R. Allan Edgar
                          R. ALLAN EDGAR
                          UNITED STATES DISTRICT JUDGE

-11-

Case 3:97-cv-00080   Document 134   Filed 08/25/06   Page 11 of 11   PageID #: 66